## Commonwealth v. Miller

*Jay L. Benedict, Jr.*, District Attorney, for Commonwealth.

*Thomas J. Finucane, Jr.*, for petitioner.

EPPINGER, P. J., June 13, 1969.—This is a petition by a surety to respite a forfeited bond. Defendant was charged before Edwin D. Strite, Jr., Esq., Justice of the Peace of Franklin County, with burglary and larceny and carrying a concealed deadly weapon. He was held by the justice of the peace and the transcript was returned to the court on August 3, 1967. On August 11, 1967, the United Bonding Insurance Company (company), petitioner in this matter, executed as surety a $10,000 bond guaranteeing the appearance of defendant.

On August 30, 1967, defendant was indicted. He was called for arraignment on September 1, 1967, but did not appear, whereupon on motion of the district attorney the court issued a bench warrant for his arrest.

On September 8, 1967, the company was notified by the district attorney of defendant's failure to appear. The company learned that the defendant was incarcerated in the Knox County, Kentucky, prison and notified the district attorney by telephone on September 14, 1967, with a confirming letter on September 15th.

On December 13, 1967, at the request of the district attorney, the court ordered the bond forfeited. After that the company secured a bail piece from the clerk of the court and filed it at the Knox County, Kentucky, jail as a detainer. Apparently without regard to the detainer the Knox County officials released defendant in November of 1968 on bond. He has not been heard from since.

The company now asks us to respite the forfeited bond and since the company has made no payments on the forfeited bond, the district attorney and county solicitor request that we order the defendant to pay $10,000 to the county because of defendant's nonappearance: They make a simple argument. The bond was signed in the form prescribed by Pennsylvania Rule of Criminal Procedure 4006. Under its terms petitioner was required to cause defendant to appear at the time he was called by the district attorney. Defendant did not do this and a bench warrant was issued. Since defendant is not now and since being bailed has not been in custody in Franklin County, the company has defaulted.

Petitioner's argument is a more complicated one. The company contends that because defendant was confined in another jurisdiction at the time scheduled for his arraignment here in Franklin County the law made it impossible for the company to deliver him. It contends, therefore, that it is no longer responsible for his appearance. To support this proposition the company cites Commonwealth v. McMullin, 11 D. & C. 107. There a defendant was serving a sentence imposed by another court of this Commonwealth on the day on which he was bound to appear in Philadelphia for trial. As here, a detainer had been lodged with the warden of the prison in which he was serving the sentence. The court held that the forfeiture should be remitted and the cash bond returned to petitioner after the deduction of costs.

The company further contends that when it filed the bail piece with the Knox County, Kentucky, officials it did everything it could do to guarantee the presence of the defendant at the appropriate time, arguing in effect that the filing of the bail piece was a constructive return of the defendant to Franklin

County, citing Commonwealth v. Roeschetz, 2 D. & C. 2d 168.

In both of the cited cases defendants were in custody in the Commonwealth and available to other courts of the Commonwealth. They were accessible on the orders of the other Commonwealth jurisdictions seeking their appearance. By an appropriate order defendants could have been directed to appear in the court of the demanding jurisdiction. There is a substantial difference in our case, because defendant was not in custody in Pennsylvania. He was in custody in the State of Kentucky.

The agreement on detainers, the Act of September 8, 1959, P. L. 829, 19 PS §1431, deals specifically with this question. Under that act if defendant has entered upon a term of imprisonment in a penal or correctional institution of a State which is a signator to that act, the district attorney could demand that defendant be returned to Pennsylvania for trial on the indictment. However, the State of Kentucky is not a signator to that agreement. But even if defendant was held in a State with a similar act, and the district attorney requested it, we doubt that the holding State would be obliged to return defendant. Under the wording of the act, the right in the demanding State is limited to cases where defendant has entered upon a term of imprisonment. In this case, defendant was apparently still awaiting trial when he obtained bond and left.

Kentucky has enacted the Uniform Criminal Extradition Act, however, in substantially the same form as our act, the Act of July 8, 1941, P. L. 288, 19 PS §191.1, et seq. Under section 5 of that act, when one State wants a person charged in that State with a crime returned, and such person is imprisoned or held under a criminal proceeding pending against him in a second State, an agreement may be reached between the governors of the two States for the ex-

tradition of the person from the second to the first State before the conclusion of the proceedings or his term of sentence in the second State. This is conditioned, however, that such person be sent back to the second State at the expense of the first State as soon as the trial is concluded.

To obtain the return of defendant in this particular case under the Uniform Extradition Act would require (1) extradition proceedings, and (2) agreement between the Governor of Pennsylvania and the Governor of Kentucky that the defendant could be returned for trial of this case in Pennsylvania, and then returned to Kentucky, and if convicted and sentenced again brought to this State. All of this would be at the expense of Franklin County.

To put the district attorney and the county to this trouble and expense is surely inconsistent with the undertaking of the company on its bond to deliver defendant to our court. We think there is no question the commitment the company made on the bond itself is to produce defendant. The company says it couldn't do it because he was being detained in another jurisdiction. Though we recognize this as being true, we conclude the company has not met its obligation under the bond by merely filing a bail piece as a detainer. Their contention is that an error was made by the Kentucky authorities in not honoring the bail piece as a detainer. If that is true, it seems to the court that the risk of this kind of error must remain with the company. We do not think this imposes an unreasonable burden. With the receipt of a substantial premium and a substantial sum of money at stake, it behooves the company to continue its interest in defendant to assure that no such errors are made.

However, there may be a question whether there was an error or not. Since Kentucky is not a signator

to the agreement on detainers, supra, there may be a question whether the company had a right to expect that Kentucky would honor its detainer. Thus, to order the bond respited would be to absolve the company of all obligation in the matter even though at no point in time could the Commonwealth without substantial effort in institution of extradition proceedings and without substantial expenditure of funds have successfully demanded and have had defendant returned to Franklin County for trial in this case. One of the reasons why a bail piece is obtained is to authorize the bonding authority to take defendant into custody and return him at the expense of the bonding authority to the jurisdiction where the bond was given. By simply filing the bail piece with some other authority, the surety's liability to do these acts cannot be abolished in our kind of situation.

So while we conclude the company remains liable on its bond and should retain such a financial interest in the case to induce it to continue its efforts to produce defendant, we believe that the sum of $5,000 is a sufficient amount to encourage these efforts. Therefore, we will make an order respiting $5,000 of the sum, payable under the bond of the company, and requiring the company to forthwith pay to the County of Franklin the sum of $5,000 due as result of defendant's failure to appear.

## ORDER

Now, June 13, 1969, the sum of $5,000 of the bond in the above captioned proceedings is respited. The company is directed to forthwith pay to the County of Franklin the sum of $5,000, the balance due under the bond, it appearing to the court that defendant, whose appearance the company guaranteed, has not appeared and is now a fugitive.